No. ——

First Circuit

FALTERMAN v. PRESTENBACH

(January 5, 1928.  Opinion and Decree.)
(February 15, 1928.  Rehearing Refused.)

(*Syllabus by the Editor*)

1.  **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on matters of fact will be affirmed where not manifestly erroneous.

Appeal from the Parish of St. Mary. Hon. James D. Simon, Judge.

Action by Joseph Falterman against Sidney Prestenbach.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

C. A. Blanchard, of Morgan City, attorney for plaintiff, appellee.

Walter T. Gilmore, of Morgan City, attorney for defendant, appellant.

LECHE, J. The present demand is based on a bill for board, at the rate of twenty dollars per month for eleven months, and for washing or laundry at the rate of two dollars per week for fifty-two weeks, making a total of three hundred and twenty-four dollars, less a credit of fifty-five dollars, leaving a balance due of two hundred and sixty-nine dollars.

Plaintiff claims that defendant agreed to pay the rates charged for board and laundry, and that under that agreement defendant availed himself of plaintiff's services, but now refuses to pay.

Defendant on the other hand claims that he made no such contract or agreement, but that he only agreed to pay plaintiff whatever he might deem right for his board, lodging and attention to his clothes; that he accordingly paid plaintiff at various times, sums of money ranging from five, ten and fifteen dollars for his board and lodging, except in one instance, through one Alden Martin, he paid plaintiff one hundred dollars in full satisfaction of his debt.

Plaintiff explains that the one hundred dollars paid by defendant through Alden Martin, was a balance due by defendant on a loan of six hundred dollars which plaintiff had made to him, and in this, he is to a certain extent corroborated by the deposits shown in his bank account.

The testimony of plaintiff and of his wife through whom most of the negotiations pertaining to defendant's board and washing were conducted, is clear and positive. They explain that the moderate amount charged for defendant's board and lodging was because defendant, who it appears was engaged in the fish and fur business, was often away. That the price was fixed on an average, and that if defendant had been continuously boarding they would not have consented to any amount under forty or forty-five dollars per month. Plaintiff's wife kept a memorandum of the payments in cash made by defendant, and she is positive as to the amounts for which defendant is given credit.

Defendant, on the other hand, does not remember, except in a general way, and to many questions he pleads lack of memory.

The question involved is purely one of fact, and we see no reversible error in the conclusions reached by the District Judge.

For these reasons the judgment appealed from is affirmed.